UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP BURTON HAUSKEN,<br><br>                         Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE PATROL,<br><br>                         Defendant. | No. C14-5514 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  September 29, 2014** |

On June 27, 2014, Plaintiff Phillip Burton Hausken filed a proposed civil rights complaint. Dkt. 1.  He did not pay the Court's filing fee or submit an application for leave to proceed in forma pauperis (IFP). *Id*. On June 30, 2014, the Clerk advised Plaintiff that he must either submit the full $400.00 filing fee or submit an IFP application on or before July 30, 2014. Dkt. 2. Plaintiff did neither. On August 5, 2014, the Court ordered Plaintiff to pay the $400.00 filing fee or to submit an IFP application on or before August 29, 2014 and that if he failed to do so, the Court would recommend dismissal of this action. Dkt. 4.

In response, Plaintiff asked whether he would remain responsible for the full filing fee if he lost his case. Dkt. 5. The Court advised Plaintiff of the filing fee requirements under 28 U.S.C. § 1915(b). The Court then allowed Plaintiff another extension, until September 8, 2014

REPORT AND RECOMMENDATION - 1

to pay the filing fee or submit an appropriate IFP application. Dkt. 6. Plaintiff has failed to do so. This action should be dismissed.

## DISCUSSION

A district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. See 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

## CONCLUSION

Because Plaintiff has failed to comply with this Court's directives to pay the Court's filing fee or submit a proper application to proceed *in forma pauperis*, this case should be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Plaintiff shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed set this matter for consideration on **September 29, 2014**, as noted in the caption.

**DATED** this 10th day of September, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2